IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALNESE FRAZIER
As parent, natural guardian and next friend of LF and BF, minor children of Melvin Vernell, III, deceased, et al.,

   Plaintiffs,

    v.

THE UNITED STATES OF AMERICA,

   Defendant.

CIVIL ACTION FILE
NO. 1:15-CV-1174-TWT

**OPINION AND ORDER**

This is a Federal Tort Claims Act case. It is before the Court on the Defendant's Motion to Dismiss [Doc. 30], which is GRANTED.

**I. Background**

The Plaintiffs are Alnese Frazier and the minor children LF and BF, the wife and children of the deceased, Melvin Vernell III, also known as the rapper "Lil Phat." The Plaintiffs allege that on June 7, 2012, Vernell was murdered in the parking lot of Northside Hospital, where Frazier was in labor.[1] At some point before his death in

---

    [1]    Pls.' Second Am. Compl. ¶ 69.

2012, Vernell leased a luxury vehicle from Mani Chulpayev, who was a confidential informant for the FBI.[2] Chulpayev installed GPS devices in the vehicles he leased.[3] The Plaintiffs also allege that in late May/early June of 2012, Vernell was involved in a dispute with Decensae White and his associates.[4] White was suspected of dealing illegal drugs and involvement in other gang-related activity.[5] The dispute between White and Vernell arose because White believed that Vernell had stolen a large quantity of marijuana from White and his associates.[6] The Plaintiffs allege that this dispute could not be resolved and White therefore hired two individuals to kill Vernell.[7] In furtherance of his plan to kill Vernell, White requested the assistance of Chulpayev to use the GPS device in Vernell's car in order to track his whereabouts.[8] The Plaintiffs allege that on June 6, 2012, Chulpayev began reporting Vernell's whereabouts to White's associates and that on June 7, 2012, those associates found

---

[2] Id. ¶¶ 17, 58.

[3] Id. ¶ 56.

[4] Id. ¶ 64.

[5] Id. ¶ 59.

[6] Id. ¶ 64.

[7] Id. ¶ 65.

[8] Id.

Vernell and murdered him.[9] The Plaintiffs now bring claims for negligence, wrongful death, deliberate indifference, and negligent supervision against the United States of America, alleging that because Chulpayev was a confidential FBI informant, the United States owed a duty to protect third parties like Vernell from his conduct. The Defendant now moves to dismiss.

## II. Legal Standard

A complaint should be dismissed under Rule 12(b)(6) only where it appears that the facts alleged fail to state a "plausible" claim for relief.[10] A complaint may survive a motion to dismiss for failure to state a claim, however, even if it is "improbable" that a plaintiff would be able to prove those facts; even if the possibility of recovery is extremely "remote and unlikely."[11] In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the plaintiff.[12] Generally, notice pleading is all that is required for a valid

---

[9] Id. ¶¶ 68-69.

[10] Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009); Fed. R. Civ. P. 12(b)(6).

[11] Bell Atlantic v. Twombly, 550 U.S. 544, 556 (2007).

[12] See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A., 711 F.2d 989, 994-95 (11th Cir. 1983); see also Sanjuan v. American Bd. of Psychiatry & Neurology, Inc., 40 F.3d 247, 251 (7th Cir. 1994) (noting that at the pleading stage, the plaintiff "receives the benefit of imagination").

complaint.[13] Under notice pleading, the plaintiff need only give the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.[14]

### III. Discussion

The Defendant moves to dismiss the Plaintiffs' claims under the Federal Tort Claims Act ("FTCA"). Under the Federal Tort Claims Act, the United States has waived its sovereign immunity in limited circumstances and can be liable for negligent or wrongful acts or omissions of government employees "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[15] Liability for the United States only arises, however, if state law imposes a duty that the alleged government tortfeasor breached.[16] This Court must therefore look to Georgia law to decide this case. The claims here sound in negligence. In Georgia, a plaintiff in a negligence action must prove that the defendant had a legal duty to conform to some standard of conduct, breach of that duty, a causal connection

---

[13] See Lombard's, Inc. v. Prince Mfg., Inc., 753 F.2d 974, 975 (11th Cir. 1985), cert. denied, 474 U.S. 1082 (1986).

[14] See Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citing Twombly, 550 U.S. at 555).

[15] 28 U.S.C. § 1346(b).

[16] Tisdale v. United States, 62 F.3d 1367, 1371 (11th Cir. 1995).

between the conduct and the resulting injuries, and damages as a result of the alleged breach.[17]

The Defendant first argues that it owed no duty to the Plaintiffs. There is no general duty to stop third persons from causing physical harm to others.[18] Where, however, there is a special relationship between a defendant and the third party at issue, an independent duty arises.[19] Such a special relationship exists when the defendant has control over a third party, such as in the case of a physician who knows or should know a patient is likely to cause bodily harm to others.[20] The level of control required for a special relationship to exist is extremely high; a psychiatrist exercises the requisite control over an inpatient in a mental hospital, but not over an outpatient.[21] Additionally, where the defendant has the "legal authority to confine or restrain [the

---

[17] Bradley Ctr., Inc. v. Wessner, 250 Ga. 199, 200 (1982).

[18] Id. at 201.

[19] Id.

[20] Id.

[21] Ermutulu v. McCorkle, 203 Ga. App. 335, 336-37 (1992).

third party] against his will," a special relationship exists.[22] A special relationship does not exist between officers in the armed forces and their subordinates.[23]

Here, the Plaintiffs allege that Chulpayev was a confidential informant for the FBI.[24] They further allege that Chulpayev had a "very special relationship" with the FBI and FBI agents.[25] What the Plaintiffs do not allege, however, is that the United States exercised such a degree of control over Chulpayev that it owed a duty to protect third parties from his conduct. There are no allegations in the complaint that would indicate a degree of control even close to that exercised by a doctor over an inpatient in a mental hospital. In fact, the Plaintiffs' own allegations suggest that the United States did not exercise enough control over Chulpayev to create the necessary special relationship. Specifically, the Plaintiffs allege that "Chulpayev had his own pressing legal reasons to facilitate the murder of Vernell."[26] Such allegations indicate that Chulpayev was acting of his own free will without control from the Defendant. The Plaintiffs make no allegations whatsoever that indicate a level of control comparable

---

[22] Baldwin v. Hospital Auth. of Fulton Cnty., 191 Ga. App. 787, 789 (1989).

[23] Grijalva v. United States, 289 F. Supp. 2d 1372, 1379 (M.D. Ga. 2003).

[24] Pls.' Second Am. Compl. ¶ 17.

[25] Id. ¶ 28.

[26] Id. ¶ 53.

to that of a doctor over a patient in an inpatient mental facility. Because no special relationship existed, the Defendant had no duty to protect third parties from Chulpayev's actions. As a result, the Plaintiffs' claims for negligence, wrongful death, and negligent supervision cannot stand. The Defendant's motion to dismiss those claims should be granted.

The Defendant also moves to dismiss the Plaintiffs' claim for deliberate indifference. The Plaintiffs cite no Georgia law that allows a claim for deliberate indifference. This Court is also unaware of any such claim under Georgia law. The Defendant's motion to dismiss should be granted.

## IV. Conclusion

For the reasons stated above, the Defendant's Motion to Dismiss [Doc. 30] is GRANTED.

SO ORDERED, this 6 day of July, 2016.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge